## POWELL v. STATE.   (No. 6776.)

(Court of Criminal Appeals of Texas.   March 22, 1922.)

1. Intoxicating liquors ⬤⟳139—Possession not offense unless for purpose of sale.

Under Acts 37th Leg. (1921) First Called Sess. c. 61, amending the Prohibition Law, the possession of intoxicating liquor is no longer an offense, unless had for purpose of sale.

2. Intoxicating liquors ⬤⟳202—Possession for purpose of sale must be alleged.

Under Acts 37th Leg. (1921) First Called Sess. c. 61, it is necessary to allege that defendant's possession of 'intoxicating liquor was for the purpose of sale, and an indictment not so alleging is fatally defective.

Appeal from District Court, Young County; H. F. Weldon, Judge.

L. B. Powell was convicted of possessing intoxicating liquor, and he appeals. Reversed, and prosecution dismissed.

Brown & Graham, of Graham, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.   Conviction was for possessing intoxicating liquor. Punishment, 1½ years in the penitentiary.

[1, 2] Acts of the Thirty-Seventh Legislature, First and Second Called Sessions, p. 233, so amended the Prohibition Law (Acts 36th Leg. [1919] 2d Called Sess. c. 78) as tô make it no longer an offense to haye possession of intoxicating liquor unless had for the purpose of sale. Under many decisions of the court heretofore rendered construing the effect of the amendment, it is necessary to allege and prove that possession of intoxicating liquor was for the purpose of sale, and, such allegation not appearing in the indictment in the instant case, it becomes necessary to reverse the judgment of the trial court and dismiss the prosecution under the present indictment.